RECEIPT #
AMOUNT $ 250.
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. pm
DATE 6-14-05

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **MAURA HENRY and others similarly situated,** | |
| **Plaintiff,** | Civil Action No. _____ |
| **v.** | |
| **BOSTON CENTER FOR ADULT EDUCATION, INC., and RONALD BOCAGE, as President for the Boston Center for Adult Education and Indiviudally,** | **NOTICE OF REMOVAL** |
| **Defendants.** | |

# 05 - 11244 RWZ

TO:    The Honorable Judges of the
         United States District Court
         District of Massachusetts

MAGISTRATE JUDGE _Alexander_

Petitioners, Boston Center for Adult Education and Ronald Bocage (hereinafter

"Defendants"), defendants in the above entitled action, state:

1.    Defendants desire to exercise their rights under the provisions of 28 U.S.C. §

1441, *et seq.*, to remove this action from the Superior Court for Middlesex County, Cambridge,

Massachusetts, in which said cause is now pending under the name and style *Maura Henry and*

*others similarly situated, Plaintiffs v. Boston Center for Adult Education Incorporated and*

*Ronald Bocage, As President of the Boston Center for Adult Education and Individually,*

*Defendants*, Civil Action No. 05-1606.  Defendants were served a Summons and a copy of a

Complaint in this action on or about May 26, 2005.  A copy of the Summons and Complaint, are

attached hereto as Exhibit A.

2.    Count VI of above-described action is one of which this court has original

1

jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this court by Defendants, pursuant to the provisions of 28 U.S.C. § 1441, wherein it arises under the laws of the United States, namely the 29 U.S.C. §§ 1132 and 1166.

3. Defendants both consent to this removal and are filing this notice within thirty (30) days of service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

4. Defendants will file a notice of filing this Notice of Removal and a copy of the Notice of Removal with the Clerk, Superior Court for Middlesex County, 40 Thorndike Street, Cambridge, Massachusetts 02141, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit B.

6. Defendants will serve written notice to opposing counsel of the filing of this Notice of Removal and copies of this Notice of Removal will be served on opposing counsel pursuant to 28 U.S.C. § 1446(d), a copy of which is attached hereto as Exhibit C.

WHEREFORE, Defendants pray that the above action now pending against him in the Superior Court for Middlesex County, Cambridge, Massachusetts be removed therefrom to this Court.

2

Respectfully submitted,

BOSTON CENTER FOR ADULT
EDUCATION and RONALD BOCAGE,

By Their Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02108
(617) 523-6666 (telephone)
(617) 367-3125 (facsimile)

Joseph P. McConnell (BBO No. 566412)
jmcconnell@morganbrown.com

Date: June 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Ara J. Balikian, Esq. and Kristen M. Hurley, Esq., Gordon & Balikian LLP, 535 Boylston Street, 6th Floor, Boston, MA 02116, by first-class U.S. mail this 14th day of June 2005.

3

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. O5 - 1606

MIDDLESEX .............. , ss
[seal]

Maura Henry and
Others Similarly Situated .... Plaintiff(s)

v.

Boston Center for Adult Education Defendant(s)
incorporated and Ronald Bocage,
As president of Boston Center for
Adult Education, Incorporated and Individually

## SUMMONS

To the above-named Defendant: Boston Center for Adult Education, Incorporated

You are hereby summoned and required to serve upon .Ara. J. BaliKian, Esq.

..................................... plaintiff's attorney, whose address is Gordon and Balikian, LLP,....

535 Boylston St., 6TH FL, Boston, MA 02116..........., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .40 Thorndike........

Street, Cambridge, MA 02141.......... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, Suzanne V. DelVecchio, Esquire, at ......................................................................

the ....................................... day of .......................................................................

...................., in the year of our Lord ......................................

copy Attest
5-25-05    Deputy Sheriff Suffolk County    Edward J Sullivan    Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| MAURA HENRY and OTHERS SIMILARLY SITUATED | BOSTON CENTER FOR ADULT EDUCATION, INC and RONALD BOCAGE |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Ara J. Balikian, Gordon and Balikian LLP 635 Boylston St., 6th fl., Boston, MA 08116 Board of Bar Overseers number: 630,576    617-536-1801 | ATTORNEY (If known) |

## Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)  (X)
- [ ] 5. F05 Reactivated after rescript; relief from Judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Wage Act Violation c149 (F) | ( ) | ( ) Yes   (✓) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................... $.............
2. Total Doctor expenses ............................................... $.............
3. Total chiropractic expenses ............................................... $.............
4. Total physical therapy expenses ............................................... $.............
5. Total other expenses (describe) ............................................... $.............
   Subtotal $.............
B. Documented lost wages and compensation to date ............................................... $.............
C. Documented property damages to date ............................................... $.............
D. Reasonably anticipated future medical and hospital expenses ............................................... $.............
E. Reasonably anticipated lost wages ............................................... $.............
F. Other documented items of damages (describe)
   $.............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $.............
   TOTAL $.............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The defendant is the former employer of the plaintiff, which owes the plaintiff the sum of $4,184.66 in wages, $40,940.57 for wrongful termination and $17,500 in statutory penalties.

At least $
TOTAL $ 62,625.23

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5-2-05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                          SUPERIOR COURT DEPARTMENT
                                        OF THE TRIAL COURTS
                                        CIVIL ACTION NO.:

**********************************
MAURA HENRY and                    )
OTHERS SIMILARLY SITUATED,         )
                    Plaintiffs,    )
                                   )          **COMPLAINT**
                                   )
v.                                 )
                                   )
BOSTON CENTER FOR ADULT            )
EDUCATION, INCORPORATED and        )
RONALD BOCAGE, As President of     )
Boston Center for Adult Education  )
and Individually,                  )
                    Defendants     )
**********************************

## Nature of the Case

1.  This is a cause of action: (1) pursuant to MGL c. 149 §§ 148 and 150 seeking damages and injunctive relief for non-payment of wages in the form of a final paycheck, paid vacation time, and a pro-rated TIAA/CREF contribution; (2) for wrongful termination; and (3) pursuant to 29 U.S.C.A. §§ 1132 and 1166 seeking statutory damages for failure to provide the requisite health plan continuation of coverage election notice. Plaintiff, Maura Henry, is a former employee of Defendant, Boston Center for Adult Education, Incorporated.

## The Parties

2.  The Plaintiff, Maura Henry, is an individual residing at 40 Spruce Street, Watertown, Middlesex County, Massachusetts.

3.  Defendant, Boston Center for Adult Education, Incorporated ("BCAE"), is a Massachusetts non-profit corporation with a principal place of business located at 5 Commonwealth Avenue, Boston, Suffolk County, Massachusetts.

4.  Defendant, Ronald Bocage, is an individual residing at 220 Boylston Street, Boston, Suffolk County, Massachusetts. At all relevant times, Ronald Bocage was the president of BCAE.

1

## Facts

5.  From on or about April 14, 2004 until September 22, 2004, Maura Henry was employed as the Director of Education for the BCAE.

6.  On or about April 14, 2004, Maura Henry began receiving complaints from teachers employed by the BCAE regarding non-payment of paychecks and reimbursements from the BCAE, despite having completed their course work.

7.  On or about April 14, 2004, Maura Henry contacted the BCAE's Director of Finance to determine why the BCAE's teachers were not getting paid and reimbursed. Maura Henry was informed that the BCAE routinely withheld paychecks and reimbursements as a matter of common practice.

8.  On or about August 17, 2004, Maura Henry learned that the BCAE had also failed to issue life insurance policies to members of its staff as it was required to do within 30 days of a staff member's hire. In addition, Maura Henry learned that the BCAE consistently and knowingly failed to make contributions to staff members TIAA-CREF retirement accounts.

9.  On or about August 17, 2004, Maura Henry met with Allen Austill, a member of the BCAE's Board of Directors and Co-Chair of its Educational Policy Committee, to discuss her concerns about the BCAE's business practices and violations.

10. On or about September 14, 2004, Maura Henry met with again with Allen Austill to discuss her concerns about the BCAE's business practices and violations. Nancy Roberts, the Co-Chair of the BCAE's Educational Policy Committee, was also present at this meeting. During the meeting, Allen Austill informed Maura Henry that the matters she was concerned about were administrative and that they should be discussed with Mary McTigue, the BCAE's Executive Director.

11. On or about September 15, 2004, as instructed, Maura Henry met with Mary McTigue to discuss her concerns about the BCAE's business practices and violations.

12. Soon thereafter, on or about September 22, 2004, the BCAE terminated Maura Henry's employment.

13. During the course of her employment, Maura Henry worked continuously, diligently, and effectively on behalf the BCAE.

14. At the time of her discharge, the BCAE failed, refused and/or neglected to pay Maura Henry in full.

2

15. Despite demands from Maura Henry for proper payment of her earned wages, the BCAE has still failed, refused, and/or neglected to pay Maura Henry her wages in full.

16. Within 44 days of her discharge, the BCAE failed and/or refused to provide Maura Henry with the requisite health plan continuation of coverage election notice.

17. Despite demands from Maura Henry for a written election notice, the BCAE has failed and/or refused in bad faith to provide Maura Henry with the election notice.

18. Others Similarly Situated, as that term is defined in M.G.L. c. 149, §150 have also worked for the BCAE and have not received the proper compensation as required by law.

19. Maura Henry has satisfied all prerequisites and conditions precedent necessary to entitle her to seek remedy against the BCAE by this action.

20. Attached hereto as Exhibit "A" is a letter from the Office of the Attorney General authorizing Ms. Henry to pursue her claim for unpaid wages through a civil complaint lawsuit and a copy of the Non-Payment of Wage Complaint Form filed by Ms. Henry with the Office of the Attorney General.

## COUNT I
### (Henry v. Defendants)
### M.G.L. c. 149

21. Maura Henry repeats and re-alleges the allegations set forth in Paragraphs 1 to 20 above and incorporates them by reference herein.

22. The BCAE promised to pay wages to Maura Henry in the form of a final paycheck, paid vacation time, and a pro-rated TIAA/CREF contribution.

23. The BCAE has failed to pay the wages due and owing Maura Henry in violation of Massachusetts General Laws Chapter 149.

24. As a result of the BCAE's violation of Massachusetts General Laws Chapter 149, Maura Henry has incurred harm and loss in the sum of at least $4,184.66.

## COUNT II
### (Henry v. Defendants)
### M.G.L. c. 149

25. Maura Henry repeats and re-alleges the allegations set forth in Paragraphs 1 to 24 above and incorporates them by reference herein.

3

26. The BCAE promised to pay wages to Others Similarly Situated to Maura Henry.

27. The BCAE has failed to pay Others Similarly Situated to Maura Henry wages due and owing them in violation of Massachusetts General Laws Chapter 149.

28. As a result of the BCAE's violation of Massachusetts General Laws Chapter 149, Others Similarly Situated to Maura Henry have incurred harm and loss in an amount to be determined.

## COUNT III
### (Henry v. Boston Center for Adult Education, Incorporated)
### Breach of Contract

29. Maura Henry repeats and re-alleges the allegations set forth in Paragraphs 1 to 28 above and incorporates them by reference herein.

30. The BCAE entered into an unambiguous and enforceable contract that requires it to pay Maura Henry wages in the form of a final paycheck, paid vacation time, and a pro-rated TIAA/CREF contribution.

31. In breach of its contract with Maura Henry, the BCAE has failed to pay Maura Henry wages due and owing her.

32. As a result of the BCAE's breach of its contract, Maura Henry has incurred harm and loss in the sum of at least $4,184.66.

## COUNT IV
### (Henry v. Boston Center for Adult Education, Incorporated)
### Wrongful Termination

33. Maura Henry repeats and re-alleges the allegations set forth in Paragraphs 1 to 32 above and incorporates them by reference herein.

34. In breach of the implied covenant of good faith and fair dealing, the BCAE terminated Maura Henry's employment after she reported financial wrongdoing to its Directors.

35. Acting in bad faith, the BCAE terminated Maura Henry for refusing to engage in fraudulent bookkeeping practices, an activity which is clearly illegal.

36. As a result of the BCAE's wrongful termination, Maura Henry has incurred harm and loss in the sum of at least $40,940.57.

**COUNT V**
(Henry v. Boston Center for Adult Education, Incorporated)
Fraud/Misrepresentation/Deceit

37. Maura Henry repeats and re-alleges the allegations set forth in Paragraphs 1 to 36 above and incorporates them by reference herein.

38. The BCAE represented to Maura Henry that she would be working for a financially stable organization operating in compliance with federal and state laws.

39. The BCAE failed to inform Maura Henry that it was in a severe financial crisis when she asked about the financial health of company during the interview process. Moreover, the BCAE never disclosed its unlawful activities.

40. Maura Henry relied upon the representations made by the BCAE.

41. The BCAE's representations were false, and made with the intention to deceive Maura Henry and induce her to work for the BCAE.

42. As a result of the BCAE's fraud, misrepresentation and deceit, Maura Henry has incurred harm and loss in the sum of at least $40,940.57.

**COUNT VI**
(Henry v. Boston Center for Adult Education, Incorporated)
29 U.S.C.A. §§ 1132 and 1166

43. Maura Henry repeats and re-alleges the allegations set forth in Paragraphs 1 to 42 above and incorporates them by reference herein.

44. The BCAE failed to provide Maura Henry with the requisite health plan continuation of coverage election notice within 44 days of her termination.

45. Maura Henry specifically requested the election notice via email on or about October 26, 2004, but in bad faith BCAE failed to provide Maura Henry with the election notice.

46. To date, 175 days past the statutory election notice due date, Maura Henry has not received a written election notice. As a result, Ms. Henry is currently without health insurance.

47. Pursuant to 29 U.S.C.A § 1132, BCAE is subject to the statutory penalty of $100.00 per day, or $17,500.00, for failure to provide Maura Henry an election notice in bad faith.

## COUNT VII

(Henry v. Boston Center for Adult Education, Incorporated)
Negligent Infliction of Emotional Distress

48.   Maura Henry repeats and re-alleges the allegations set forth in Paragraphs 1 to 47
      above and incorporates them by reference herein.

49.   By its actions the BCAE negligently inflicted emotional distress on Maura Henry.

50.   The BCAE's actions caused Maura Henry to suffer severe emotional distress, loss
      of dignity, anxiety, humiliation and mental anguish.

51.   A reasonable person would have suffered emotional distress under the
      circumstances.

52.   As a result of the BCAE's fraud, misrepresentation and deceit, Maura Henry has
      incurred harm and loss in an amount to be determined.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiffs pray that this Court enter judgment as follows:

A.   Against the defendants for the damage owed to the Plaintiffs, plus interest,
     costs and reasonable attorney fees provided by Massachusetts General
     Law Chapter 149;

B.   Against the defendants for treble damages pursuant to Massachusetts
     Chapter 149;

C.   Issue a preliminary injunction enjoining Boston Center for Adult
     Education, Incorporated from failing to pay wages to its present
     employees;

D.   Issue a permanent injunction enjoining Boston Center for Adult
     Education, Incorporated from failing to pay wages to its present and future
     employees;

E.   Against Boston Center for Adult Education, Incorporated for wrongful
     termination in violation of public policy;

F.   Against Boston Center for Adult Education, Incorporated for failure to
     provide the requisite health plan continuation of coverage election notice
     pursuant to 29 U.S.C.A §§ 1132 and 1166;

6

G.     Against Boston Center for Adult Education, Incorporated for negligent infliction of emotional distress; and

H.     Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,
PLAINTIFFS
By their attorneys,

Ara J. Balikian (BBO#630576)
Kristen M. Hurley (BBO#658237)
Gordon and Balikian, LLP
535 Boylston Street, 6th Floor
Boston, MA 02116
Tel. 617-536-1801
Fax. 617-536-1802

7

# EXHIBIT "A"

8



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

April 5, 2005

Maura Henry
40 Spruce Street
Watertown, MA. 02472

**Re: Authorization for Immediate Private Suit: Boston Center For Adult Education**

Dear Ms. Henry:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Robert Buduo
Inspector
Fair Labor and Business Practices Division
(617) 727-2200, extension 2324



**Tom Reilly
Attorney General**

# The Commonwealth of Massachusetts
## Office of the Attorney General

One Ashburton Place
Boston, MA  02108

(617) 727-2200
http://www.ago.state.ma.us

### Non-Payment of Wage Complaint Form (04-01197-S)

Maura  Henry
40 Spruce Street
Watertown          MA        02472

| | |
|---|---|
| Date of Birth: 09-02-1965 | Soc Sec #: 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 |
| Work Phone: 617-926-1565 | Home Phone: 617-926-1565 |
| What type of work did you perform: DIRECTOR OF EDUCATION | |

Company Name: BOSTON CENTER FOR ADULT EDUCATION

Address: 5 COMMONWEALTH AVENUE

City: BOSTON          State: MA     Zip: 02116

Phone: 617-267-4430          Total Number of Employees in Company: approximately 20

Owner/Pres Name: RONALD BOCAGE          Title: PRESIDENT OF BOARD

Local Mgr Name: MARY McTIGUE

Town where work was performed: BOSTON

Date of Hire: 14 APRIL 2004   Were you discharged: YES   Date of discharge: 22 SEPT 2004

Did you leave:          Date:          Reason for leaving: TERMINATED

If you left, did you make a personal demand for this money?          If yes, what was the response
of the employer:

Rate of pay: 40 HOUR   per (hour/week): # 1201.93   Unpaid wages: $ 2403.86

PLUS VACATION

What dates did you work for the money which you claim you are owed:

From: 09 / 13 / 2004 To: 09 / 24 / 2004 Total amount owed: $ 2403.86 + VACATION

Have you signed a contract as a consultant or independent contractor?    NO

Do you have an attorney representing you in this matter?:    YES

Have you taken any other action against your employer in this matter?    NO    If yes, please explain:

Are you willing to fully cooperate with the Attorney
General's Office, which may include appearing in court?    YES

EXPLAIN IN DETAIL the facts relating to why you were not paid or why you are filing this complaint. If your
complaint involves vacation pay, briefly explain how you earned vacation time (e.g. one week per year, one
week after one year, monthly accrual, etc.)

I WAS FIRED ON 22 SEPT 2004, ONE WEEK AFTER BRINGING SERIOUS
CONCERNS ABOUT BUSINESS PRACTICES TO TWO BOARD MEMBERS. I
WAS ESCORTED OUT OF THE BUILDING ON 22 SEPT + WAS NOT PAID.
ON 30 SEPT 2004 A LETTER POSTMARKED 29 SEPT 2004 THAT INCLUDED
A BACK DATED CHECK TO 23 SEPT 2004 ARRIVED AT MY HOME. THE
CHECK WAS NOT ITEMIZED, DID NOT APPEAR TO INCLUDE VACATION
DAYS OWED, AND WAS SENT BACK VIA REGISTERED LETTER ON
7 OCT 2004. NO RESPONSE OR CHECK HAS BEEN RECEIVED
DESPITE FOLLOW UP REQUESTS SENT ON 26 OCTOBER.
VACATION DAYS WERE EARNED AT 1.25 DAYS PER MONTH.

I HEREBY CERTIFY THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF THIS IS A TRUE STATEMENT
OF THE FACTS RELATING TO MY COMPLAINT.

Signature: Maura A. Henry    Date: 17 NOVEMBER 2004

Print Name: MAURA A. HENRY PH.D.

Please attach copies of any supporting information (e.g. pay stubs, employment policy, etc...)
Important: send only copies - save the originals for your records.

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURTS**

**CIVIL ACTION NO. 05-1606**

---

**MAURA HENRY and others similarly
situated,**

       **Plaintiff,**

**v.**

**BOSTON CENTER FOR ADULT
EDUCATION, INC., and RONALD
BOCAGE, as President for the Boston
Center for Adult Education and Indiviudally,**

       **Defendants.**

---

**NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT**

    TO:    Clerk
           Superior Court for Middlesex County
           40 Thorndike Street
           Cambridge, Massachusetts 02141

    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, a Notice of

Removal (with attachments thereto) and a Notice to Opposing Counsel of Notice of Removal are

being filed this day with the Clerk of the United States District Court for the District of

Massachusetts. Copies of said Notice of Removal and a Notice to Opposing Counsel of Notice

of Removal are attached hereto.

Respectfully submitted,

BOSTON CENTER FOR ADULT
EDUCATION and RONALD BOCAGE,

By Their Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02108
(617) 523-6666 (telephone)
(617) 367-3125 (facsimile)

Joseph P. McConnell (BBO No. 566412)
jmcconnell@morganbrown.com

Date: June 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for
plaintiff, Ara J. Balikian, Esq. and Kristen M. Hurley, Esq., Gordon & Balikian LLP, 535
Boylston Street, 6th Floor, Boston, MA  02116, by first-class U.S. mail this 14th day of June 2005.

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**

**SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURTS**

**CIVIL ACTION NO. 05-1606**

**MAURA HENRY and others similarly
situated,**

**Plaintiff,**

**v.**

**BOSTON CENTER FOR ADULT
EDUCATION, INC., and RONALD
BOCAGE, as President for the Boston
Center for Adult Education and Indiviudally,**

**Defendants.**

**NOTICE TO COUNSEL OF
REMOVAL OF ACTION TO
FEDERAL COURT**

To:    Ara J. Balikian, Esq. and Kristen M. Hurley, Esq.,
       Gordon & Balikian LLP
       535 Boylston Street, 6th Floor
       Boston, Massachusetts 02116

PLEASE TAKE NOTICE that Defendants in the above-captioned matter, have on the 14th

day of June 2005 filed in the United States District Court of the District of Massachusetts their

Notice of Removal of the above-styled action from the Superior Court, Middlesex County,

Cambridge, Massachusetts (a copy of said Notice is attached hereto) to the United States District

Court for the District of Massachusetts, at Boston, Massachusetts, together with copies of the

Complaint filed by the Plaintiff in the Superior Court, Middlesex County, Cambridge,

Massachusetts.

You are also advised that said Defendants, upon filing said Notice, filed a Notice of

Removal to Federal Court with the Clerk, Superior Court, Middlesex County, Cambridge,

Massachusetts, and, and attached thereto copies of the following: (1) Notice of Removal with

exhibits attached thereto; and (2) the Notice to Counsel of Removal of Action to Federal Court.

Such action has effected the removal of this action to the United States District Court for

the District of Massachusetts, in accordance with the provisions of 28 U.S.C. §§ 1441 and 1446

and no further proceedings may be had in this state court action.

<div style="margin-left: 40%;">

Respectfully submitted,

BOSTON CENTER FOR ADULT
EDUCATION and RONALD BOCAGE,

By Their Attorneys,

MORGAN, BROWN & JOY, LLP
200 State Street
Boston, Massachusetts 02108
(617) 523-6666 (telephone)
(617) 367-3125 (facsimile)

Joseph P. McConnell (BBO No. 566412)
jmcconnell@morganbrown.com

</div>

Date: June 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel for
plaintiff, Ara J. Balikian, Esq. and Kristen M. Hurley, Esq., Gordon & Balikian LLP, 535
Boylston Street, 6th Floor, Boston, MA 02116, by first-class U.S. mail this 14th day of June 2005.

℀JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Maura Henry | Boston Center for Adult Education and Ronald Bocagli |
| **(b)**  County of Residence of First Listed Plaintiff _____<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
| **(c)**  Attorney's (Firm Name, Address, and Telephone Number)<br>Ara J. Balikian, 535 Boylston St.<br>6th Floor, Boston, MA 02116 | Attorneys (If Known)<br>Joseph P. McConnell, Morgan Brown & Joy<br>LLP, 200 State Street, Boston, MA<br>02109 |

| II.  BASIS OF JURISDICTION  (Place an "X" in One Box Only) | | III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff |
|---|---|---|

|  |  |  |  | (For Diversity Cases Only) | | | and One Box for Defendant) |
|---|---|---|---|---|---|---|---|
| ❏ 1 | U.S. Government<br>Plaintiff | ☒ 3 | Federal Question<br>(U.S. Government Not a Party) | | **PTF  DEF** | | **PTF  DEF** |
| | | | | Citizen of This State | ❏ 1  ❏ 1 | Incorporated *or* Principal Place<br>of Business In This State | ❏ 4  ❏ 4 |
| ❏ 2 | U.S. Government<br>Defendant | ❏ 4 | Diversity<br>(Indicate Citizenship of Parties in Item III) | Citizen of Another State | ❏ 2  ❏ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ❏ 5  ❏ 5 |
| | | | | Citizen or Subject of a<br>Foreign Country | ❏ 3  ❏ 3 | Foreign Nation | ❏ 6  ❏ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance<br>❏ 120 Marine<br>❏ 130 Miller Act<br>❏ 140 Negotiable Instrument<br>❏ 150 Recovery of Overpayment<br>  & Enforcement of Judgment<br>❏ 151 Medicare Act<br>❏ 152 Recovery of Defaulted<br>  Student Loans<br>  (Excl. Veterans)<br>❏ 153 Recovery of Overpayment<br>  of Veteran's Benefits<br>❏ 160 Stockholders' Suits<br>❏ 190 Other Contract<br>❏ 195 Contract Product Liability<br>❏ 196 Franchise | **PERSONAL INJURY**<br>❏ 310 Airplane<br>❏ 315 Airplane Product<br>  Liability<br>❏ 320 Assault, Libel &<br>  Slander<br>❏ 330 Federal Employers'<br>  Liability<br>❏ 340 Marine<br>❏ 345 Marine Product<br>  Liability<br>❏ 350 Motor Vehicle<br>❏ 355 Motor Vehicle<br>  Product Liability<br>❏ 360 Other Personal<br>  Injury | **PERSONAL INJURY**<br>❏ 362 Personal Injury -<br>  Med. Malpractice<br>❏ 365 Personal Injury -<br>  Product Liability<br>❏ 368 Asbestos Personal<br>  Injury Product<br>  Liability<br>**PERSONAL PROPERTY**<br>❏ 370 Other Fraud<br>❏ 371 Truth in Lending<br>❏ 380 Other Personal<br>  Property Damage<br>❏ 385 Property Damage<br>  Product Liability | ❏ 610 Agriculture<br>❏ 620 Other Food & Drug<br>❏ 625 Drug Related Seizure<br>  of Property 21 USC 881<br>❏ 630 Liquor Laws<br>❏ 640 R.R. & Truck<br>❏ 650 Airline Regs.<br>❏ 660 Occupational<br>  Safety/Health<br>❏ 690 Other<br>**LABOR**<br>❏ 710 Fair Labor Standards<br>  Act<br>❏ 720 Labor/Mgmt. Relations<br>❏ 730 Labor/Mgmt.Reporting<br>  & Disclosure Act<br>❏ 740 Railway Labor Act | ❏ 422 Appeal 28 USC 158<br>❏ 423 Withdrawal<br>  28 USC 157<br>**PROPERTY RIGHTS**<br>❏ 820 Copyrights<br>❏ 830 Patent<br>❏ 840 Trademark<br><br>**SOCIAL SECURITY**<br>❏ 861 HIA (1395ff)<br>❏ 862 Black Lung (923)<br>❏ 863 DIWC/DIWW (405(g))<br>❏ 864 SSID Title XVI<br>❏ 865 RSI (405(g))<br>**FEDERAL TAX SUITS** | ❏ 400 State Reapportionment<br>❏ 410 Antitrust<br>❏ 430 Banks and Banking<br>❏ 450 Commerce<br>❏ 460 Deportation<br>❏ 470 Racketeer Influenced and<br>  Corrupt Organizations<br>❏ 480 Consumer Credit<br>❏ 490 Cable/Sat TV<br>❏ 810 Selective Service<br>❏ 850 Securities/Commodities/<br>  Exchange<br>❏ 875 Customer Challenge<br>  12 USC 3410<br>❏ 890 Other Statutory Actions<br>❏ 891 Agricultural Acts |
| **REAL PROPERTY**<br>❏ 210 Land Condemnation<br>❏ 220 Foreclosure<br>❏ 230 Rent Lease & Ejectment<br>❏ 240 Torts to Land<br>❏ 245 Tort Product Liability<br>❏ 290 All Other Real Property | **CIVIL RIGHTS**<br>❏ 441 Voting<br>☒ 442 Employment<br>❏ 443 Housing/<br>  Accommodations<br>❏ 444 Welfare<br>❏ 445 Amer. w/Disabilities -<br>  Employment<br>❏ 446 Amer. w/Disabilities -<br>  Other<br>❏ 440 Other Civil Rights | **PRISONER PETITIONS**<br>❏ 510 Motions to Vacate<br>  Sentence<br>**Habeas Corpus:**<br>❏ 530 General<br>❏ 535 Death Penalty<br>❏ 540 Mandamus & Other<br>❏ 550 Civil Rights<br>❏ 555 Prison Condition | ❏ 790 Other Labor Litigation<br>❏ 791 Empl. Ret. Inc.<br>  Security Act | ❏ 870 Taxes (U.S. Plaintiff<br>  or Defendant)<br>❏ 871 IRS—Third Party<br>  26 USC 7609 | ❏ 892 Economic Stabilization Act<br>❏ 893 Environmental Matters<br>❏ 894 Energy Allocation Act<br>❏ 895 Freedom of Information<br>  Act<br>❏ 900Appeal of Fee Determination<br>  Under Equal Access<br>  to Justice<br>❏ 950 Constitutionality of<br>  State Statutes |

| V.  ORIGIN  (Place an "X" in One Box Only) | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ❏ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ❏ 3 Remanded from<br>Appellate Court | ❏ 4 Reinstated or<br>Reopened | ❏ 5 Transferred from<br>another district<br>(specify) | ❏ 6 Multidistrict<br>Litigation | ❏ 7 Judge from<br>Magistrate<br>Judgment |

| VI.  CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):<br>29 U.S.C. 1132 1166<br>Brief description of cause: Action for wages and COBRA rights |
|---|---|

| VII.  REQUESTED IN<br>COMPLAINT: | ❏ CHECK IF THIS IS A CLASS ACTION<br>UNDER F.R.C.P. 23 | **DEMAND $** | CHECK YES only if demanded in complaint:<br>**JURY DEMAND:**  ❏ Yes  ❏ No |
|---|---|---|---|

| VIII.  RELATED CASE(S)<br>IF ANY | (See instructions):  JUDGE  N/A | DOCKET NUMBER |
|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06-14-05 | |

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)   Henry v. Boston Center for Adult Education et al.

2.  Category in which the case belongs based upon the numbered natureof suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

        I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

  X     II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

        III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

        IV.     220, 422, 423, 430, 460, 480, 490, 510, 530,610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

        V.      150, 152, 153.                          05 - 1 1 9 4 4 RWZ

3.  Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed inthis district please indicate the title and number of the first filed case in this court.
        N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                      YES  [ ]      NO  [X]

5.  Does the complaint in this case question the constitutionality ofan act of congress affecting the public interest?  (See 28 USC §2403)
                                                      YES  [ ]      NO  [X]
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                      YES  [ ]      NO  [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                      YES  [ ]      NO  [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                      YES  [X]      NO  [ ]

        A.      If yes, in which division do allof the non-governmental parties reside?
                Eastern Division  [X]       Central Division  [ ]       Western Division  [ ]

        B.      If no, in which division do the majority of the plaintffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
                Eastern Division  [ ]       Central Division  [ ]       Western Division  [ ]

8.  If filing a Notice of Removal - are there any motions pending inthe state court requiring the attention of this Court? (Ifyes, submit a separate sheet identifying the motions)
                                                      YES  [ ]      NO  [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Joseph P. McConnell
ADDRESS   Morgan, Brown & Joy LLP, 200 State Street, Boston, MA 02109
TELEPHONE NO.   617-523-6666

(CategoryForm.wpd - 5/2/05)