UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAURA HENRY and others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BOSTON CENTER FOR ADULT EDUCATION, INC., and RONALD BOCAGE, as President for the Boston Center for Adult Education and Individually,<br><br>　　　　Defendants. | Civil Action No. 05-11244 RWZ |

## ANSWER OF DEFENDANTS

　　　　Defendants Boston Center for Adult Education ("BCAE") and Ronald Bocage ("Mr. Bocage")(hereinafter collectively as "Defendants"), by and through their attorneys, answer the allegations contained in Plaintiff's Complaint as follows:

　　　　1.　　Paragraph 1 is an introductory paragraph containing a summary of the action being brought, does not contain a factual allegation, and therefore requires neither an admission nor denial by Defendants. To the extent that such factual allegations are contained therein, they are denied.

　　　　2.　　Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 2, and, accordingly, they are denied.

　　　　3.　　Defendants admit the allegations contained in paragraph 3.

　　　　4.　　Defendants admit the allegations contained in paragraph 4. Defendants further admit that Mr. Bocage is chairman of BCAE's Board of Directors.

**Facts**

5. Defendants admit that Plaintiff worked from on or about April 14, 2002 until September 22, 2004 as BCAE's Director of Education.

6. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6, and, accordingly, they are denied.

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants deny the allegations contained in paragraph 8.

9. Defendants admit that at some date in or about August 2004, Plaintiff met with Mr. Austill. Defendants deny the remaining allegations contained in paragraph 9.

10. Defendants admit that at some date in or about September 2004, Plaintiff met with Mr. Austill and Ms. Roberts. Defendants further admit that Plaintiff was directed to address administrative concerns to Ms. McTigue, BCAE's Executive Director. Defendants deny the remaining allegations contained in paragraph 9.

11. Defendants admit that some dates in or about September 2004, Plaintiff met with Ms. McTigue. Defendants deny the remaining allegations contained in paragraph 11.

12. Defendants admit that Plaintiff was informed of her termination on or about September 22, 2005 and deny there was any connection with any complaints about BCAE's business practices.

13. Defendants deny the allegations contained in paragraph 13.

14. Defendants deny the allegations contained in paragraph 14.

15. Defendants deny the allegations contained in paragraph 15.

16. Defendants deny the allegations contained in paragraph 16.

17. Defendants deny the allegations contained in paragraph 17.

18. Defendants deny the allegations contained in paragraph 18.

19. Defendants deny the allegations contained in paragraph 19.

20. Defendants state that the attached exhibit speaks for itself. To the extent that information contained therein must be admitted or denied, such information is denied.

## COUNT I

21. Defendants incorporate by reference their responses to paragraphs 1 through 20 as though fully set forth herein.

22. Defendants admit that it was obligated to pay wage and other compensation due and owing to Plaintiff and that it fulfilled its obligations.

23. Defendants deny the allegations contained in paragraph 23.

24. Defendants deny the allegations contained in paragraph 24.

## COUNT II

25. Defendants incorporate by reference their responses to paragraphs 1 through 24 as though fully set forth herein.

26. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 6, and, accordingly, they are denied.

27. Defendants deny the allegations contained in paragraph 27.

28. Defendants deny the allegations contained in paragraph 28.

## COUNT III

29. Defendant incorporates by reference its responses to paragraphs 1 through 28 as though fully set forth herein.

30. Defendants deny the allegations contained in paragraph 30.

31. Defendants deny the allegations contained in paragraph 31.

32. Defendants deny the allegations contained in paragraph 32.

## **COUNT IV**

33. Defendants incorporate by reference their responses to paragraphs 1 through 32 as though fully set forth herein.

34. Defendants deny the allegations contained in paragraph 34.

35. Defendants deny the allegations contained in paragraph 35.

36. Defendants deny the allegations contained in paragraph 36.

## **COUNT V**

37. Defendants incorporate by reference their responses to paragraphs 1 through 36 as though fully set forth herein.

38. Defendants deny the allegations contained in paragraph 38. Further answering, Defendants deny that BCAE failed to act in compliance with Federal or state law.

39. Defendants deny the allegations contained in paragraph 39.

40. Defendants deny the allegations contained in paragraph 40.

41. Defendants deny the allegations contained in paragraph 41.

42. Defendants deny the allegations contained in paragraph 42.

## **COUNT VI**

43. Defendants incorporate by reference their responses to paragraphs 1 through 42 as though fully set forth herein.

44. Defendants deny the allegations contained in paragraph 44.

45. Defendants deny the allegations contained in paragraph 45.

46. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraph 46, and, accordingly, they are denied.

47. Defendants deny the allegations contained in paragraph 47.

## COUNT VII

48. Defendants incorporate by reference their responses to paragraphs 1 through 47 as though fully set forth herein.

49. Defendants deny the allegations contained in paragraph 49.

50. Defendants deny the allegations contained in paragraph 50.

51. Defendants deny the allegations contained in paragraph 51.

52. Defendants deny the allegations contained in paragraph 52.

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief requested against it and deny each and every allegation not heretofore specifically admitted and pray this Court to dismiss Plaintiff's Complaint and award it costs, fees and any other relief it deems just.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which any relief can be granted.

2. Plaintiff's claims are barred in whole or in part because they have failed to comply with administrative procedures that are a prerequisite to maintaining this action.

3. All actions regarding Plaintiff's employment were taken for legitimate, non-discriminatory business reasons.

4. Although Defendants expressly deny any liability to Plaintiff, Plaintiff has failed to mitigate their damages, if any.

5. Complaint is barred in whole or in part because, at all relevant times, the actions of Defendant were in good faith and legal, proper, reasonable, and in conformity with all applicable Massachusetts and federal statutory, regulatory, and decisional law, including but not limited to COBRA.

6. Plaintiffs' Complaint is barred, in whole or in part, because Plaintiff's relationship with the Defendant BCAE was terminable at-will by either party.

7. Plaintiff's claims are barred in whole or in part because of the exclusivity provision of the Massachusetts Worker's Compensation Act.

8. Defendant BCAE has at all times made all payments and made available all payments required pursuant to M.G.L. c. 149.

9. Plaintiff has failed to allege fraud with the particularity required by Massachusetts Rule of Civil Procedure 9.

10. Plaintiff's claims, in whole or in part, are not entitled to a trial by jury.

11. Plaintiff has failed, in whole or in part, with the applicable statute of limitations.

12. Plaintiff has failed to allege facts sufficient to bring an action for "others similarly situated."

13. Plaintiff has failed to allege a public policy sufficient to support a claim for wrongful termination.

14. Defendants reserve their right to add affirmative defenses as they become known.

        Respectfully submitted,

        BOSTON CENTER FOR ADULT
        EDUCATION and RONALD BOCAGE,

        By Their Attorneys,

        MORGAN, BROWN & JOY, LLP
        200 State Street
        Boston, Massachusetts  02108
        (617) 523-6666 (telephone)
        (617) 367-3125 (facsimile)


        __/s/ Joseph P. McConnell____
        Joseph P. McConnell (BBO No. 566412)
        jmcconnell@morganbrown.com

Date: June 17, 2005


## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served upon counsel for plaintiff, Ara J. Balikian, Esq. and Kristen M. Hurley, Esq., Gordon & Balikian LLP, 535 Boylston Street, 6th Floor, Boston, MA  02116, by first-class U.S. mail this 17th day of June 2005.

        ___Joseph P. McConnell_____